## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**JASON SANCHEZ**

      **Plaintiff,**

                                    **Case No: _____**

**vs.**

**SOUTHEAST NEW MEXICO
COLLEGE, MARK CAGE,
WILLIAM MURRILL,
TIFFANY FRINTZ, SARAH
BOWMAN, and NED ELKINS,**

      **Defendants.**

## COMPLAINT

      Plaintiff Jason Sanchez ("Sanchez" or "Plaintiff"), by and through undersigned counsel, brings this Complaint for damages and in support states the following:

### PRELMINARY STATEMENT

      1.    This case concerns the Southeast New Mexico College ("SENMC")'s illegal censoring of its official Facebook page to silence a critic who tried to raise awareness about the connection between former Eddy County sheriff, Mark Cage, and SENMC's Board of Trustees. While squabbling teenagers are free to block their enemies on social media, SENMC is not a private citizen. SENMC is a state actor and must respect the guarantees of free speech in the New Mexico and United States Constitutions. *See generally Lindke v. Freed*, 601 U.S. 187 (2024) (government social media page is public forum and hence subject to limitations of First Amendment where official had actual authority to speak on behalf of state via social media site, and where official purported to exercise that authority in censoring relevant comment(s)/poster).

      2.    Plaintiff brings this action to enjoin SENMC from infringement of his free speech

rights and for all other relief to which he may be entitled at law or in equity.

<b>PARTIES, JURISDICTION AND VENUE</b>

3.      Plaintiff Jason Sanchez is a resident of Texas.  Sanchez formerly lived in Eddy County, New Mexico.

4.      Defendant Southeast New Mexico College is a public community college, created by New Mexico state law, 1978 NMSA 21-13-27.  SENMC may be served at 1500 University Dr, Carlsbad, NM 88220.

5.      Defendant Mark Cage ("Cage") is the former sheriff of Eddy County, and the current undersheriff.  He is a Board Member (District I) for SENMC.  On information and belief, Cage resides in Eddy County, New Mexico.

6.      Defendant William Murrill ("Murrill") is a Board Member (District II) for SENMC.  On information and belief, Murrill resides in Eddy County, New Mexico.

7.      Defendant Tiffany Frintz ("Frintz") is a Board Member (District III) for SENMC.  On information and belief, Frintz resides in Eddy County, New Mexico.

8.      Defendant Sarah Bowman ("Bowman") is a Board Member (District IV) for SENMC.  On information and belief, Bowman resides in Eddy County, New Mexico.

9.      Defendant Ned Elkins ("Elkins") is a Board Member (District V) for SENMC.  On information and belief, Elkins resides in Eddy County, New Mexico.

10.     Collectively, Cage, Murrill, Frintz, Bowman, and Elkins comprise the "SENMC Board."

11.     Under 1978 NMSA 21-13-10, the SENMC Board "shall provide for the management of the community college."  Upon the recommendation of the SENMC president, "the board shall employ other administrative personnel, instructional staff or other personnel as may be needed for the operation, maintenance and administration of the community college."  1978 NMSA 21-13-10.

By exercising these duties, the SENMC Board controls SENMC social media pages, including its Facebook page.

12.     This Court has subject matter jurisdiction because suit is brought against Defendants under the New Mexico Civil Rights Act, and for violations of Plaintiff's civil rights under 42 USC § 1983.

13.     This Court has personal jurisdiction over Defendants because Defendants are residents of New Mexico and the conduct complained of occurred in New Mexico.

14.     Venue is proper in this court as one or more Defendants is a resident of Eddy County, New Mexico.

15.     A notice of claim under the New Mexico Civil Rights Act has been timely provided via mail.

## STATEMENT OF FACTS

**A.  SENMC maintains an active official government Facebook page.**

16.     SENMC maintains an official Facebook page: https://www.facebook.com/southeastnewmexicocollege (last visited April 8, 2025) (the "SENMC Facebook Page").

17.     The SENMC Facebook Page is a government page that speaks on behalf of SENMC.

18.     Hence, speech emanating from the SENMC Facebook Page constitutes government speech for purposes of the First Amendment to the United States Constitution and Article II, Section 17 of the New Mexico Constitution.  Decisions about whom to block from viewing the SENMC Facebook Page constitute state action.

19.     The SENMC Facebook Page contains phone numbers one can call to contact SENMC, and it contains a link to the SENMC website.  It also contains the physical address of

SENMC.

20.     SENMC is run by the Board of Trustees (referred to herein as the SENMC Board), which is comprised of five persons:  Defendants Cage, Murrill, Frintz, Bowman, and Elkins.

21.     Cage was the former sheriff of Eddy County and is the current undersheriff.

22.     SENMC uses its Facebook page to share updates about campus happenings and area events.  For instance, on March 19, 2025, it shared a post about a local STEM competition. On March 17, 2025, it advertised an early childhood learning event.

23.     The SENMC Facebook Page is very active, containing several posts per week, some of which garner many comments, shares, and likes.

24.     The SENMC Facebook Page is public, so its content can be seen by anyone (at least, by anyone who is not blocked).

25.     The SENMC Facebook Page has more than 13,000 followers.  The identities of these followers are concealed to the public though, on information and belief, and based on the Page's content, most of the followers are concerned citizens who wish to know more about community events in the Eddy County area.

**B.  Sanchez runs his own Facebook page that covers local news in New Mexico.**

26.     Plaintiff Jason Sanchez is an individual who currently lives in Texas.  Sanchez formerly lived in Eddy County, and he still has friends and family in the area.

27.     Because of his past connections with Eddy County, Sanchez maintains an interest in the government happenings of this area of New Mexico.

28.     To this end, Sanchez maintains and has maintained a Facebook page called Eddy County Exposed.  The purpose of the Eddy County Exposed page is to monitor corruption and encourage good government in New Mexico.

29.     The Eddy County Exposed page will often share or comment on lawsuits or local

stories about New Mexico government, particularly government misconduct. Sanchez is responsible for most of these posts, though others will sometimes comment on the posts.

30.    Sanchez, via the Eddy County Exposed page, will also comment on other pages including government pages. For example, the Eddy County Exposed page has commented on posts on the Eddy County Sheriff's Office Facebook page.

**C. SENMC blocks Sanchez's anti-corruption page for drawing attention to Cage's service on the SENMC Board.**

31.    On or around January 13, 2025, the SENMC Facebook Page posted a picture from a recent board meeting and said "Thank you to all who attended tonight's SENMC Board of Trustees meeting."

32.    Cage was one of the persons in the picture.

33.    Plaintiff, via his Eddy County Exposed page, shared SENMC's post with his own followers and said, "Somebody is not a happy camper being number 2 and got his email leaked! 🤣😂🤣Thanks Hutchinson! Here we all thought you were the puppet!"

34.    Plaintiff made this comment because he believed Cage looked dour in the picture shared by SENMC, and Plaintiff was speculating that Cage was upset due to an embarrassing email that had recently come to light where Cage had expressed disappointment that people had not sufficiently celebrated his birthday. Plaintiff's comment also referred to Hutchinson, the new Eddy County sheriff and former subordinate to Cage.

35.    Sanchez's comment related to matters of public concern—Cage's performance as sheriff, his new status as undersheriff, and Cage's service on the SENMC Board.

36.    Sanchez shared the post and commented because he wished to draw attention to Cage's participation on the SENMC Board. Sanchez wished to make sure the public knew Cage's relationship with SENMC.

37.    Sanchez also wanted to draw attention to the embarrassing email from Cage about his birthday.

38.    Sanchez also wanted to highlight Cage's new status as number two to Hutchinson and make sure the public was aware of this new reporting structure.

39.    Sanchez's comment did not contain profanity, obscenities, or threats.  His comments did not reveal the personal addresses or phone numbers of anyone on the SENMC Board including Cage.  His comments did not contain information about SENMC Board members' family.

40.    Around January 31, 2025, Sanchez learned that at some point in the prior 18 days, SENMC had blocked the Eddy County Exposed page from viewing or commenting on the SENMC Facebook Page.

41.    The decision to block Eddy County Exposed was made or authorized by the SENMC Board or those working at the Board's instruction and/or authority.

42.    On information and belief, in blocking the Eddy County Exposed page, the SENMC Board and/or Cage were motivated by a desire to protect Cage from criticism and help his political standing.

43.    To date, the Eddy County Exposed page remains blocked by the SENMC Facebook Page.  The Eddy County Exposed page cannot view the SENMC Facebook Page.  It cannot comment on SENMC posts, and it cannot share or tag SENMC posts.

### <u>COUNT I</u>

### <u>VIOLATIONS OF ARTICLE 2, § 17 OF<br>THE NEW MEXICAN CONSTITUTION</u>

**Brought by Sanchez against SENMC**

44.    Plaintiff incorporates all foregoing paragraphs as if fully stated here.

45.    The New Mexico Civil Rights Act creates a private cause of action against public

bodies to redress the violation of a person's civil rights by government actors employed by a public body or a person acting on behalf of a public body under color of law.

46.     At the time of the above events, **Cage, Murrill, Frintz, Bowman, and Elkins** were acting on behalf of SENMC.

47.     Posts on the SENMC Facebook Page, as well as decisions about whom to block or whose comments to delete, constitute state action, as the SENMC Facebook Page is an official government page, making it a public forum under the laws of New Mexico and the United States.

48.     **Cage, Murrill, Frintz, Bowman, and Elkins** were acting in furtherance of their official duties by operating and administering the SENMC Facebook Page.

49.     Cage, Murrill, Frintz, Bowman, and Elkins were acting under color of law at all relevant times.

50.     Article 2, § 17 of the New Mexican Constitution states, "Every person may freely speak, write and publish his sentiments on all subjects, being responsible for the abuse of that right; and no law shall be passed to restrain or abridge the liberty of speech or of the press."

51.     Cage, Murrill, Frintz, Bowman, and Elkins violated Plaintiff's free speech rights when they wrongfully blocked Plaintiff's Facebook page from viewing or commenting on the SENMC Facebook Page.

52.     Cage, Murrill, Frintz, Bowman, and Elkins had no legal basis to block Plaintiff's Facebook page.

53.     Cage, Murrill, Frintz, Bowman, and Elkins **acted with malice in blocking Plaintiff's Facebook page.** Specifically, Cage, Murrill, Frintz, Bowman, and Elkins acted with the intent to censor Plaintiff, chill his speech, and prevent voters from learning about SENMC's leadership.

54.     Cage, Murrill, Frintz, Bowman, and Elkins **caused Plaintiff harm by preventing him from exercising his free speech rights.**

55.     Defendant SENMC is liable for these harms pursuant to the New Mexico Civil Rights Act, NMSA § 41-4A-3.

## COUNT II

## 42 U.S.C. § 1983 - VIOLATION OF
## FIRST AMENDMENT OF UNITED STATES CONSTITUTION

**Brought by Sanchez against Cage, Murrill, Frintz, Bowman, and Elkins
(in their individual and official capacities) and SENMC**

56.     Plaintiff incorporates all foregoing paragraphs as if fully stated here.

57.     Cage, Murrill, Frintz, Bowman, and Elkins censored Plaintiff as described above in violation of Plaintiff's constitutional rights, including the First Amendment to the U.S. Constitution.

58.     Due to these wrongful acts, Plaintiff has suffered injuries including but not limited to the inability to express himself as that right is guaranteed by the U.S. Constitution.

59.     On information and belief, SENMC and the SENMC Board have inadequately trained their personnel on how to operate a government social media page, and this failure was a moving force behind the violations of Plaintiff's First Amendment rights.

60.     Alternatively, on information and belief, SENMC and the SENMC Board have a formal or informal custom, policy, and practice of blocking social media pages that are critical of SENMC and its leadership.

61.     Cage, Murrill, Frintz, Bowman, and Elkins acted with malice in denying Plaintiff his First Amendment rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court to enter an order granting Plaintiff the following relief.

a.     Enter a Judgment against Defendants finding that they are liable to Plaintiff;

b.     Award injunctive relief to Plaintiff;

c.     Award compensatory damages for all of Plaintiff's claims;

8

d.       Award punitive damages for Plaintiff's § 1983 claims;

e.       Award the costs and expenses of this case, including attorneys' fees for Plaintiff's §

1983 claims and New Mexico Civil Rights Act claims;

f.       Award pre-judgment and post-judgment interest;

g.       Award all other further and general relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury on all issues so triable.

Date:  April 10, 2025

Respectfully submitted,


WALDO GUBERNICK
LAW ADVOCATES LLP

*/s/ Curtis Waldo*_____
Benjamin Gubernick
 New Mexico Bar No. 145006
Ben@wglawllp.com
 Curtis Waldo
 curtis@wglawllp.com
 New Mexico Bar No. 163604
346-394-8056
717 Texas St., Suite 1200
Houston, TX 77002